**In the Matter of the Application for the Discipline of Emmett D. DOWDAL, an Attorney at Law of the State of Minnesota.**

No. 50273.

Supreme Court of Minnesota.

Sept. 28, 1979.

Michael J. Hoover, Administrative Director on Professional Conduct, Lawyers Professional Responsibility Bd., St. Paul, for appellant.

Kenneth J. Maas, Jr., St. Paul, for respondent.

ORDER

This court, having heard and considered en banc the petition of the Lawyers Professional Responsibility Board for disciplinary action in the above matter, on all the proceedings and records in the case, including the stipulation, and for the reasons stated in the attached Memorandum,

IT IS ORDERED that the respondent be and hereby is publicly reprimanded for an isolated instance of professional misconduct, i. e., submitting to the district court an affidavit to which he had signed his client's name.

MEMORANDUM

In this petition for disciplinary action the sole allegation of professional misconduct is that respondent submitted to the district court an affidavit to which he had signed his client's name, and on the basis of that affidavit a motion for summary judgment against his client was denied. The affidavit contained no false statements as did the affidavit in *In re Hanratty,* 277 N.W.2d 373 (Minn.1979). It was signed by respondent with the client's knowledge and authorization after respondent had twice urged his client, who was engaged in the construction business, to come into his office and sign it in the presence of a notary. *See In re Finley,* 261 N.W.2d 841 (Minn.1978), where the attorney signed the names of persons to an affidavit without their knowledge or authorization. The mischief in this case is that, instead of asking for a continuance in order to enable his client to sign the affidavit, respondent submitted it to the court without disclosure of the possible agency relationship between himself and his client. Because the integrity of the legal system requires reliance on the knowledge that affidavits submitted by attorneys have been read and approved and executed under oath by the persons who purportedly signed them, we publicly reprimand respondent for this isolated instance of misconduct.