**In the Matter of the Application for the DISCIPLINE OF Edward M. COHEN, an Attorney at Law of the State of Minnesota.**

No. C8–84–1440.

Supreme Court of Minnesota.

Sept. 4, 1984.

## ORDER

The above-entitled matter comes before this court upon the stipulation of the parties which provides as follows:

WHEREAS, the parties desire to propose the following disposition to the court;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE UNDERSIGNED, AS FOLLOWS:

1. Respondent admits the misconduct set forth in the annexed petition for disciplinary action, hereinafter petition, a copy of which is attached as Exhibit A. Respondent's admissions include the following:

a. Respondent violated Opinion No. 7, Lawyers Professional Responsibility Board, by failing on two occasions to pay court reporters for transcripts. *See* petition, first and second counts.

b. Respondent violated the disciplinary rules including, but not necessarily limited to, DR 1–102(A)(5), DR 1–102(A)(6), and DR 7–102(A)(8), Minnesota Code of Professional Responsibility (MCPR) and Rule 11, Minnesota Rules of Civil Procedure, by serving and filing various pleadings and affidavits in a dissolution proceeding which purported to be personally signed by respondent, but which were signed by a non-lawyer member of respondent's staff with respondent's knowledge and acquiesence. *See* petition, third, fourth, fifth, sixth and seventh counts.

c. Respondent violated the disciplinary rules including, but not necessarily limited to, DR 1–102(A)(2), DR 1–102(A)(5), DR 1–102(A)(6), and DR 7–102(A)(8), MCPR, by allowing one of his employees to notarize affidavits which purported to have been subscribed and sworn to by respondent before the notary, when such affidavits in fact were executed by a non-lawyer member of respondent's staff with respondent's knowledge and acquiesence and were not sworn to before the notary by respondent. *See* petition, eighth count.

2. Respondent understands he has certain rights to have charges of unprofessional conduct against him heard by a Lawyers Professional Responsibility Board Panel prior to the filing of the petition as set forth in the Rules on Lawyers Professional Responsibility (RLPR). Pursuant to Rule 10(a), RLPR, the parties agree to dispense with panel proceedings under Rule 9, RLPR, and respondent agrees to the immediate filing of the annexed petition in the Minnesota Supreme Court.

3. Respondent understands that upon the filing of this stipulation and the petition, this matter will be of public record.

4. Respondent understands that he has the rights, pursuant to Rule 14, RLPR, to a hearing before a referee on the petition; to have the referee make findings and conclusions and a recommended disposition; to contest such findings and conclusions; and to a hearing before the supreme court upon the record, briefs and arguments. Respondent understands that by entering into this stipulation, he waives each and every right under Rule 14, RLPR; and that the matter will be submitted directly to the court for consideration.

5. Respondent further understands that pursuant to Rule 15, RLPR, the court may disbar him, suspend him, place him on probation, fine him, reprimand him, dismiss the petition, or make such other disposition as it deems appropriate. Respondent understands that by entering into this stipulation the Director is not making any representations as to whether the court will accept the proposed disposition of a public reprimand.

6. The parties join in recommending to the court that pursuant to Rule 15(a), RLPR, it publicly reprimand respondent for his admitted misconduct set forth in the petition.

7. Respondent agrees to pay $500 in costs pursuant to Rule 24(a), RLPR, within 60 days from the date of the court's order.

8. In mitigation of his misconduct, respondent alleges that:

    a. Respondent personally dictated the contents of all documents to which his non-lawyer personnel affixed respondent's signature; and

    b. The contents of all such documents were true and correct to the best of respondent's knowledge.

9. The parties waive oral argument before the supreme court unless the court determines not to approve the essential terms of the stipulation, in which event the parties request oral argument before the court.

10. Respondent has been, and continues to be, advised by legal counsel in connection with these proceedings. This stipulation is entered by respondent freely and voluntarily, without any coercion or duress or representations by any person regarding the effect of this stipulation other than as stated herein.

Based upon the records, files and proceedings herein, and the stipulation of the parties,

IT IS HEREBY ORDERED:

1. Respondent Edward M. Cohen is publicly reprimanded pursuant to Minn.R.Law. Prof.Resp. 15(a).

2. Respondent shall pay to the petitioner $500 in costs pursuant to Minn.R.Law. Prof.Resp. 24(a) within 60 days from the date of this order.