In the Matter of the Application for the **DISCIPLINE OF Jerome J. HOLMAY,** an Attorney at Law of the State of Minnesota.

No. C6–86–1442.

Supreme Court of Minnesota.

Jan. 30, 1987.

William J. Wernz, Director, Lawyers Professional Responsibility Bd., Thomas C. Vasaly, First Asst. Director, St. Paul, for appellant.

Jerome J. Holmay, St. Paul, for respondent.

PER CURIAM.

This matter comes to us on the petition of the Director of the Lawyers Professional Responsibility Board to discipline respondent attorney for forging or procuring the forgery of his client's signature on documents which he falsely notarized, submitted to a court, and served on the opposing party. We agree with the director that a suspension is warranted, but we impose a 30–day suspension rather than the recommended 60–day suspension.

On August 27, 1986, the director filed a petition for disciplinary action alleging that respondent Jerome J. Holmay had forged and falsely notarized a client's signature. Respondent failed to answer the petition. On October 2, 1986, we ordered the allegations in the petition deemed admitted pursuant to Rule 13(c), Minn.R.Prof.Resp., and set a hearing to determine the appropriate discipline. The admitted facts are: In June 1984, respondent forged or procured the forgery of his client's signature on a petition for dissolution of marriage and on an application for temporary relief. He then notarized the documents, presented them to a judge, and ultimately had them served on the opposing party. The petition is silent as to whether the client was subsequently informed of and adopted the forged signatures.

On October 31, 1986, respondent filed a "Statement of Respondent" containing allegations of disputed fact. In reaching our decision, we do not consider these factual allegations because respondent waived his right to present additional or disputed facts when he failed to file an answer.

The misconduct presented in this case is serious. In a previous false notarization case we issued the following warning:

We strongly condemn such behavior and publicly censure respondent for willfully and intentionally executing false certificates.

Similar violations by members of the bar in future cases may well be dealt with more severely. However, this appears to be a case of first impression and the Referee has found that respondent had no intent to defraud, was unaware of the forgeries, has been cooperative in these proceedings, and otherwise has an unblemished record. Accordingly, the sanction of public censure is deemed adequate but should not necessarily be construed as a precedent in all future cases.

In re Finley, 261 N.W.2d 841, 846 (Minn. 1978). Finley can be distinguished from the present case because Finley, unlike Holmay, believed the signatures he notarized were genuine.

Holmay's conduct is also distinguishable from the conduct of attorneys in two other cases where we publicly reprimanded the attorneys for permitting the forgery and/or false notarization of signatures on legal documents. In re Cohen, 354 N.W.2d 429 (Minn.1984); In re Dowdal, 284 N.W.2d 394 (Minn.1979). In Dowdal, the client authorized respondent attorney to forge the client's signature on an affidavit. Cohen involved an attorney who allowed his office employees to sign his name on various documents and to notarize several of the signatures. In both cases, the forgeries were accomplished with the permission of the individual whose signature was forged. In contrast, Holmay did not have his client's permission to forge her signature. The record does not indicate whether she was informed of the signature after the fact.

In light of this court's previous warning to the bar regarding the seriousness of this type of misconduct, and in light of the factors which distinguish this case from previous similar cases, we impose the following discipline:

(1) Respondent is suspended from the practice of law for a period of 30 days, with the requirements of Rule 18, Minn.R.Prof.Resp., for reinstatement hereby waived; and

(2) Respondent shall pay $500 costs.

So ordered.