**In the Matter of the Application for the DISCIPLINE OF Anthony A. DANNA, an Attorney at Law of the State of Minnesota.**

No. C9–86–950.

Supreme Court of Minnesota.

April 3, 1987.

William J. Wernz, Director of the Office of Lawyers Professional Responsibility, Thomas C. Vasaly, St. Paul, for appellant.

Douglas W. Thompson, St. Paul, for respondent.

PER CURIAM.

Respondent Anthony A. Danna is before the court on a petition for disciplinary action brought by the Director of the Office

of Lawyers Professional Responsibility. Referee James C. Otis, retired justice of the Minnesota Supreme Court, heard the matter and found that respondent 1) had committed "fraud, deceit and misconduct as to both his client and the court in preparing and submitting to the court as evidence false affidavits without the knowledge or consent" of either the court or his client; and 2) had failed to cooperate with the Board of Professional Responsibility and had attempted to block the Board's legitimate inquiry by giving perjured testimony in a statement under oath to the director. The only question to be decided is the sanction to be imposed. Under the facts and circumstances of this case, we impose a 90–day suspension.

The facts, as found by the referee, are undisputed. Anthony Danna is a sole practitioner, admitted to practice since 1961. In the fall of 1984 he was retained by Joan Marie Wagner to obtain an increase in child support. Without his client's knowledge or consent and without her appearing before him, respondent signed his client's name to an affidavit he had drafted, dated March 7, 1985, setting forth grounds for a motion for increased support. He executed and attached his notary public certificate to the affidavit, stating that it was "subscribed and sworn to" before him on that date. Respondent drafted a second, more extensive affidavit, dated April 25, 1985, and again, without his client's appearing and without her knowledge or consent, signed his client's name and attached a notary certificate stating Joan Wagner had subscribed and sworn to it before him. He submitted both affidavits to the family court of Ramsey County as his client's sworn statements without disclosing to her or to the court that both the signatures and notary certificates were false. When he sent his client a copy of the March 7, 1985, affidavit, which she received on July 10, 1985, respondent intentionally deleted her purported signature and his notary certificate to prevent her from discovering the false and unauthorized use of her name and oath.

Joan Wagner filed a complaint with the Lawyers Professional Responsibility Board. In an appearance at that office on January 13, 1986, respondent testified under oath that he had seen Joan Wagner sign both affidavits, but later admitted that he had signed them himself. The client testified at the referee hearing that the facts set forth in the affidavits were correct, though somewhat incomplete. The referee considered the essential accuracy of the contents of the affidavits in mitigation but not exoneration. "To falsely confer on evidence the attributes of credibility associated with sworn statements," the referee said, "is little better than manufacturing the evidence itself. It is not only 'prejudicial to the administration of justice' but exposes the client to the possibility of defending herself from perjury charges if the facts recited prove to be false." In the eyes of the referee and in the eyes of this court the misconduct was exacerbated by respondent's attempt to conceal the forgery from his client and by his attempt to block the inquiry of the Lawyers Professional Responsibility Board by giving perjured testimony.

What disciplinary sanction then should be imposed for these violations of the Code of Professional Responsibility, DR 1–102(A)(4) and (5) and DR 7–102(A)(4) and (6)?[1] The referee recommended a fine of $2,000, costs, and suspension from the practice of law for two years unless the respondent consented to probation for two

---

1. DR 1–102. Misconduct.
   (A) A lawyer shall not
       *    *    *    *    *    *
     (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
     (5) Engage in conduct that is prejudicial to the administration of justice.
   DR 7–102. Representing a Client within the Bounds of the Law

   (A) In his representation of a client, a lawyer shall not:
       *    *    *    *    *    *
     (4) Knowingly use perjured testimony or false evidence.
       *    *    *    *    *    *
     (6) Participate in the creation or preservation of evidence when he knows or it is obvious that the evidence is false.

years on certain specified conditions. The Director of the Office of Lawyers Professional Responsibility proposes a three-year suspension from the practice of law. We place great weight on the referee's recommendations but retain final responsibility for determining the appropriate discipline. *In re Fling*, 316 N.W.2d 556, 559 (Minn. 1982).

 False notarization is misconduct which will be dealt with severely. *In re Finley*, 261 N.W.2d 841, 846 (Minn.1978). The fact that no overt harm was done to respondent's client by the false notarizations does not mean that no harm was done. Harm was done to the integrity of the legal system. Courts rely on affidavits to have been signed under oath by the person whose name is affixed. Clients depend on the trustworthiness of their attorneys. Furthermore, respondent actively concealed his actions from his client and lied under oath to the Office of Lawyers Professional Responsibility.

Respondent's conduct was thus more serious than the false notarization in the recent case of *In re Holmay*, 399 N.W.2d 564 (Minn.1987). Holmay received a 30–day suspension for forging and falsely notarizing his client's signature on documents which were submitted to the court and served on the opposing party. Our decisions in *In re Cohen*, 354 N.W.2d 429 (Minn.1984), and *In re Dowdal*, 284 N.W.2d 394 (Minn.1979), are also distinguishable. We publicly reprimanded Cohen for allowing his office employees to sign his name on various documents and to notarize the false signatures. We publicly reprimanded Dowdal for signing his client's name on an affidavit with his client's knowledge and consent, notarizing the affidavit, and presenting it to a court in support of a motion for summary judgment. In fashioning an appropriate sanction, we must weigh respondent's more serious misconduct and consider the private censure and the admonitions he has previously received for neglect of client matters. If the following sanctions do not serve to deter such misconduct, we will impose more serious sanctions in the future.

IT IS ORDERED:

1. That the respondent is suspended from the practice of law for a period of 90 days, commencing one week from the date of this order.

2. That within one year from the date of this order respondent shall have successfully completed such written examination as may be required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. The other requirements of Rule 18(e), Rules on Lawyers Professional Responsibility are hereby waived.

3. That respondent shall pay to the Director of the Office of Lawyers Professional Responsibility $500 in costs pursuant to Rule 24(a) Rules on Lawyers Professional Responsibility.

SO ORDERED.