**In re Petition for DISCIPLINARY ACTION AGAINST Gary L. MEYER, an Attorney at Law of the State of Minnesota.**

No. C8–99–1569.

Supreme Court of Minnesota.

Nov. 8, 1999.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Gary L. Meyer has committed professional misconduct warranting public discipline, namely, signing a deceased client's signature to an authorization for release of information to a government agency and contacting a represented party in violation of Minn. R. Prof. Conduct 3.3(a)(1), 4.1, 4.2, and 8.4(c).

Respondent admits the allegations of the petition, waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is 2 years of supervised probation and payment of $900 in costs pursuant to Rule 24, RLPR. Respondent has acknowledged that this court may impose any of the sanctions set forth in Rule 15(a), including making any disposition it deems appropriate, and that the Director did not make any representations as to the sanction the Court will impose.

This court has independently reviewed the file and accepts respondent's admission of wrongdoing. However, this court disagrees with the proposed discipline and concludes that the appropriate discipline is a 30–day suspension, stayed for two years. See In re Boyd, 430 N.W.2d 663, 664 (Minn.1988) (this court has final responsibility for determining the appropriate discipline and is free to reject the discipline stipulated to by the parties).

We do not believe that supervised probation is the appropriate discipline for the forgery here. Typically, we impose probation where an attorney has neglected client matters or where the misconduct involves the failure to follow through on routine and required tasks, such as maintaining trust account books and records or filing tax returns. See, e.g., In re Pegg, 576 N.W.2d 740 (Minn.1998). In these situations, probation is an appropriate means of giving the attorney the opportunity to improve his management skills. The forgery here was intentional and not the result of any neglect by respondent. We conclude that probation would not serve any useful purpose here.

In In re Finley, 261 N.W.2d 841, 846 (Minn.1978), we publicly reprimanded an attorney for falsely notarizing documents but strongly condemned such misconduct and warned that "[s]imilar violations by members of the bar (in future cases) may well be dealt with more severely." We have cited this warning in subsequent cases in which we have suspended attorneys for forgery. See In re Boyd, 430 N.W.2d at 665; In re Holmay, 399 N.W.2d 564, 565 (Minn.1987).

Forgery is serious misconduct warranting suspension regardless of whether the attorney submits the forgery to a court, private party, or government agency. Such conduct undermines the public's trust in the legal profession. The public, the courts, and government agencies must be able to rely on documents submitted by attorneys as authentic. Because of the seriousness of respondent's misconduct in submitting a forged document to a government agency, we conclude that suspension is warranted.

However, we find mitigating factors that lead us to conclude that respondent's suspension should be stayed. The forgery here does not appear to have been motivated by a desire to defraud. It is undisputed that respondent could have obtained the documents by having the decedent's spouse, who was also respondent's client, sign the authorization. Furthermore, the decedent's spouse consented to the for-

gery. Thus, this case is distinguishable from other forgery cases in which we imposed executed suspensions. *See, e.g., In re Holmay*, 399 N.W.2d at 565 (client did not consent to forgery of his signature).

We conclude that the appropriate discipline for respondent's forgery and communication with a party represented by counsel is a 30–day suspension, stayed for two years, conditioned upon full compliance with the Minnesota Rules of Professional Conduct.

IT IS HEREBY ORDERED that respondent Gary L. Meyer is suspended from the practice of law for 30 days, said suspension to be stayed for two years upon the condition that respondent fully comply with the Minnesota Rules of Professional Conduct during the stay. Respondent shall pay $900 in costs and disbursements.

BY THE COURT:

Alan C. Page

Alan C. Page

Associate Justice